**GOVERNMENT OF THE VIRGIN ISLANDS ex rel. MAJER ABDUKLAER PACHON, Petitioner**

**v.**

**HAYFA MOHAMAD ABDULJABER, Respondent**

Family No. SX-07-SP-32

Superior Court of the Virgin Islands

Division of St. Croix

July 15, 2008

CAROL S. MOORE, Assistant Attorney General, Paternity & Child Support Division, St. Thomas, USVI, *Attorney for Petitioner*.

WILLIAM W. FRANKS, Christiansted, USVI, *Attorney for Respondent.*

STEELE, *Judge*

## OPINION FOR PUBLICATION

(July 15, 2008)

THIS MATTER came before the court on the Petitioner's Motion for Modification of Child Support Payments. The issue is whether the proceeds from the sale of a marital homestead are considered income under 16 V.I.C. § 341(e) for the purpose of determining child support. For the reasons that follow, this Court holds that the proceeds from the sale of a marital homestead are not considered income under 16 V.I.C. § 341(e). The Petitioner's Motion for Modification of Child Support Payments is, therefore, DENIED.

## FACTUAL BACKGROUND

The Petitioner, Majer Abdulhaber Pachon, and the Respondent, Hayfa Mohamad Abdjuljaber, were married and divorced. This Court awarded the Petitioner physical custody of the parties two minor children. The parties reached a marital settlement agreement in which the parties agreed that the marital home would be sold and the Respondent would receive 70% of the net proceeds with the remaining 30% set aside for the college education of the two children.

The Division of Paternity and Child Support held a child support hearing to establish maternity and child support. At that hearing, the Administrative Hearing Officer (AHO) determined that the Respondent was the mother of the two children. The AHO also found that child support guidelines provided that the Respondent should pay $294.00 per month in child support. However, the AHO deviated from the child support guidelines and ordered that the Respondent only pay $150.00 per month because she was in graduate school and had the economic hardship of making the transition from a dependent housewife to an independent citizen.

After the martial home was sold, the Petitioner filed a motion with the Division of Paternity and Child Support requesting that the Respondent's child support obligation be adjusted to take into account the proceeds from the sale of the marital residence. The AHO transferred the matter to this Court to determine whether the proceeds from the sale of a marital

4

homestead are considered income for the purpose of determining child support under 16 V.I.C. § 341(e).

## DISCUSSION

The parties agree that the Virgin Islands case law does not specifically address whether the proceeds from the sale of a marital homestead are considered income for the purpose of determining child support under 16 V.I.C. § 341(e). The Petitioner urges this Court to follow courts in other jurisdictions which have held that the proceeds from the sale of a marital homestead are considered income for the purpose of determining child support. The Respondent cites to opinions from other jurisdictions which have held the exact opposite.

■■ However, this Court does not need to look any further than the clear and unambiguous language of 16 V.I.C. § 341(e), which does not include the proceeds from the sale of a marital homestead as income when determining child support. When interpreting a statute, the first step is to determine whether the language at issue has a plain and unambiguous meaning. *Daniels v. Joint Bds. Of Election*, 49 V.I. 31 (Super. Ct. 2008) (citing *Dobrek v. Phelan*, 419 F.3d 259, 263 (3d Cir. 2005). "Because it is presumed that the legislature expresses its intent through the ordinary meaning of its language, 'every exercise of statutory interpretation begins with an examination of the plain language of the statute.' " *Daniels v. Joint Bds. Of Election*, 49 V.I. 31 (VI Super. Ct. 2008) (quoting *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001). "Where the statutory language is plain and unambiguous, further inquiry is not required." *Id.*

■ In this case, 16 V.I.C. §341(e) consists of a "laundry list" of what constitutes income for the purpose of determining child support. The list is very detailed and includes: "wages, salary, bonuses, commissions, compensation as an independent contractor, workers' compensation administration, disability, unemployment compensation, annuity and retirement benefits, awards in civil suits, interest, dividends, rents, royalties, insurance proceeds, trust income, partnership profits, and any other payment made by any person, private entity, federal, state or territorial government or any entity created by local law." If the legislature had intended for the proceeds from the sale of a marital homestead to be considered income when determining child support, it

5

would have included it in the list provided in 16 V.I.C. § 341(e). It did not do so.

The Petitioner argues this Court should interpret income for purposes of calculating child support "as broadly as practicable." However, it is not the function of this Court to substitute its judgment for that of the legislature and amend 16 V.I.C. § 341(e) to include additional items as income for the purpose of determining child support. Instead, the role of this Court is to construe the statute the legislature created and 16 V.I.C. § 341(e) clearly does not include the sale of a marital homestead in the list of items that are considered income for the purpose or determining child support.

## CONCLUSION

FOR ALL of the foregoing reasons, this Court holds that the proceeds from the sale of a marital homestead are not considered income for the purpose of determining child support under 16 V.I.C. § 341(e) The Petitioner's Motion for Modification of Child Support Payments is therefore, DENIED.